UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY BENITEZ,

                      Plaintiff,                9:15-cv-1179
                                                          (GLS/ATB)
          v.

JAMES P. HEALY et al.,

                      Defendants.
_____

APPEARANCES:                      OF COUNSEL:

**FOR THE PLAINTIFF:**
Henry Benitez
Pro Se
97-A-2553
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    RYAN W. HICKEY
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe
Senior District Judge**

## ORDER

On June 7, 2017, Magistrate Judge Andrew T. Baxter filed a Report-

Recommendation (R&R), which recommends that defendants' motion for

summary judgment, (Dkt. No. 46), be denied as to a retaliation claim against James Healy and granted as to all other claims, (Dkt. No. 52). In sum, the R&R concludes that "there are unresolved material issues of fact remaining as to the allegation that defendant Healy framed [Benitez] for marijuana possession in retaliation for filing a grievance." (*Id.* at 2.) Pending before the court are defendants' objections. (Dkt. No. 53.)[1]

Although general objections trigger review for clear error only, specific objections require *de novo* review. *See Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *4-6 (N.D.N.Y. Jan. 18, 2006). Defendants make a number of specific objections.

First, defendants object that Benitez's claim—that he was framed for marijuana possession—is refuted because he was found guilty of drug and contraband possession charges at a disciplinary hearing, those charges were affirmed, and he has a lengthy disciplinary history including convictions for the same offenses. (Dkt. No. 53 at 3.) However, these facts do not resolve the sharp disparity between the accounts provided by

---

[1] Benitez did not file any objections.

Benitez and Healy as to the marijuana possession.[2] (Dkt. No. 52 at 21-22.) Those facts would still be true if Benitez was framed.

Defendants' second objection regards Healy's alleged statement to Benitez: "That's what you get for writing shit." (Dkt. No. 53 at 3.) Defendants argue that this statement was made in reference to the alleged beating of Benitez and he fails to "connect this vague comment . . . to a claim that he was 'framed' for possession of marijuana." (*Id.* at 3 n.1.) However, Benitez's complaint explicitly alleges that "[i]n departing from the strip-frisk room, Hyde dropped two balloons on the floor of the room. Healy then stated to Benitez: '"That's what you get for writing shit."'" (Compl. ¶ 23, Dkt. No. 1.) It is reasonable to infer that Healy's alleged statement referred to the two balloons, which were later recovered with what was determined to be marijuana inside. (Dkt. No. 52 at 5); *see Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (court must interpret all ambiguities and draw all factual inferences in favor of non-moving party).

A third objection is that Healy was justified, based on the indisputable events from the surveillance video, in his use of force. (Dkt. No. 53 at 3-4,

---

[2] Indeed, the case cited by defendants, *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), stands for the proposition that credibility issues are not readily amenable to resolution on summary judgment. (Dkt. No. 53 at 3.)

5.) But, contrary to defendants' argument, it does not necessarily follow that Healy's misbehavior report was not retaliatory simply because his use of force was not retaliatory. It is entirely possible that the alleged framing followed the justified, non-retaliatory use of force, if plaintiff's allegations are credited.

Moreover, defendants' fourth objection that Healy never actually charged Benitez with marijuana possession is a meaningless distinction for at least two reasons. (*Id.* at 4.) First, Healy's misbehavior report—which was for smuggling contraband, (*id.*)—does not need to be for marijuana possession in order to be retaliatory. And second, if Healy framed Benitez for marijuana possession as alleged, Healy might have relied on the likelihood that another officer would discover that the contraband was marijuana and report it as such.

A fifth objection by defendants is that Benitez has never attempted to offer an innocent explanation for why he reached into his waistband, held his left hand in a closed fist, or repeatedly defied Healy's orders to open that hand—all of which is shown in the video surveillance footage. (*Id.* at 5.) But, crucially, the video does not show what, if anything, Benitez was holding, or whether he dropped anything during the use of force. (Dkt. No.

4

52 at 13 n.4.)  Truax's recovery of the two balloons (as well as Hyde's alleged dropping of the same) are not on the video either because the doorway is not visible.  (*Id.*)  Thus, despite the video clearly corroborating defendants' version of events regarding the use of force, (*id.* at 13, 21), there remains a credibility issue as to the dueling versions of events regarding the marijuana, (*id.* at 21-22).[3]

Defendants also object on the basis that Benitez has not offered any tangible proof that his prior, unrelated grievance against Healy was the substantial motivating factor in the latter's decision to issue a misbehavior report.  (Dkt. No. 53 at 6.)  But this blatantly ignores Benitez's allegation that Healy told him "'[t]hat's what you get for writing shit'" after Hyde dropped two balloons of marijuana.  (Compl. ¶ 23.)[4]

Defendants' final objection that Healy is entitled to qualified immunity,

---

[3] "In order for a district court to discredit a plaintiff's self-serving testimony, the testimony must be 'so replete with inconsistencies and improbabilities that no reasonable [factfinder] would undertake the suspension of disbelief necessary to credit the allegations made in his complaint.'" *Haust v. United States*, 953 F. Supp. 2d 353, 361 (N.D.N.Y. 2013) (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005)).  Although that is true of Benitez's allegations regarding the use of force—which were wholly discredited by the video—his allegations regarding marijuana do not present the "extraordinary case" in which the court should assess witness credibility at the summary judgment stage.  *Haust*, 953 F. Supp. 2d at 361 (internal quotation marks and citation omitted).

[4] Healy acknowledged that he was aware that Benitez had filed a grievance against him about a month prior to the incident in question.  (Dkt. No. 52 at 19 & n.6.)

5

(Dkt. No. 53 at 6), is arguably a generalized objection because defendants already made that argument in their summary judgment motion, (Dkt. No. 46, Attach. 2 at 17-19).  But that argument fails even under *de novo* review.  Even if Healy was objectively reasonable in believing that Benitez was smuggling contraband, Benitez is alleging that Healy framed him, which, if true, is clearly a constitutional violation.

The court is mindful—as Magistrate Judge Baxter was—that "claims of retaliation are 'easily fabricated' and 'pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration.'" (Dkt. No. 52 at 18) (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)).  However, the court agrees with Magistrate Judge Baxter's thorough R&R and its conclusion that Benitez's retaliation claim against Healy is sufficient to overcome defendants' motion for summary judgment, even when viewed with the skeptical eye generally applicable to such allegations, because there remains a credibility issue.  (Dkt. No. 52 at 22.)

The remaining generalized objections have also been carefully considered and are without merit.  (Dkt. No. 53.)  Accordingly, the R&R, (Dkt. No. 52), is adopted in its entirety.

6

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 52) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 46) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**DENIED** as to the retaliation claim against defendant Healy for framing Benitez; and

**GRANTED** in all other respects; and it is further

**ORDERED** that the Clerk terminate defendants Daniel Richter, Luc Maynard, Kevin St. Mary, John Hyde, and B. Truax from this action; and it is further

**ORDERED** that this case is now deemed trial ready and a trial scheduling order will be issued in due course; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

March 22, 2018
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge