UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HENRY BENITEZ, 97-A-2553,

                              *Plaintiff,*          **PROTECTIVE ORDER**

            -against-                                       15-CV-01179

JAMES HEALY,                                        (GLS)(ATB)

                              *Defendant.*

---

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

1. The terms and conditions of this Order shall govern all disclosures conducted in this action that are designated as defined in paragraph 2 pursuant to the Federal Rules of Civil Procedure and all other information exchanged by the parties or produced by any third party in response to discovery requests or subpoenas.

2. The designation "CONFIDENTIAL/ATTORNEY EYES ONLY" ("hereinafter "Confidential") shall apply to protect employment, medical, and other private, sensitive, and/or confidential information of parties and third parties, and materials designated by counsel for plaintiff and counsel for defendants as Confidential based upon counsels' good faith belief that the information and/or materials encompass matters which shall be held confidential by the parties.

3. Neither the parties nor their counsel shall disclose any information and/or material marked Confidential pursuant to paragraph 2 of this Order to persons other than the counsel of record, employees of such counsel of record actively assisting in the conduct of this action, expert witnesses or consultants retained for the purposes of the prosecution or defense of this action, trial

or deposition witnesses, the trier of fact, the court reporter, and the Court. To the extent necessary, plaintiff may view the disclosures designated Confidential only in the presence of plaintiff's counsel and/or defense counsel and only for the purposes of assisting in the prosecution or defense of this action. Under no circumstances shall plaintiff retain copies or take possession of disclosures designated Confidential.

Notwithstanding anything to the contrary contained herein, nothing in this paragraph shall be interpreted to prevent any party from using any statement or document drafted by a party or a non-party during any party deposition, unless the party raising an objection to the use of such statements or documents at a party deposition obtains a determination or ruling from the Court preventing the use of such statements or documents at a party deposition. Prior to the disclosure of any such statement or document to a deponent, the objecting party shall have an opportunity to seek a ruling from the Court.

4. Nothing set forth in paragraphs 2 or 3 herein shall preclude plaintiff or defendant from calling any person as a witness who is identified in any document marked as Confidential.

5. The person(s) authorized by this Agreement to view, possess, or otherwise access Confidential information and/or material shall use such information and/or material solely for the purpose of this action and solely to the extent necessary for the litigation of this action.

6. A copy of this Order shall be delivered to the plaintiff, defendants, and to each person listed in paragraph 3 to whom a disclosure of Confidential information or material is made, at or before the times of the disclosure by the party making the disclosure or that party's counsel. The provisions of this Order shall be binding upon each such person to whom a disclosure of Confidential information or material is made.

7. The parties and their counsel, shall ensure that each person to whom Confidential information or material is disclosed shall keep such Confidential information or material in a secure location to prevent unauthorized disclosure.

8. If any Confidential information or material which is disclosed pursuant to this Order is offered into evidence or otherwise disclosed at the trial of this action, the parties hereby jointly request that any portion of the trial transcript reflecting such confidential information and any documents received into evidence containing such Confidential information shall be made a sealed record until further Order of the Court. In any event, any pages of deposition testimony reflecting Confidential information will be treated by the parties as Confidential information under this Order.

9. At the conclusion of this action, the parties, through counsel, shall destroy the original and any and all copies of Confidential information or material and no copies of Confidential information or material shall be retained by plaintiff, defendants, counsel to the parties, and each person listed in paragraph 3 above.

10. This stipulation is binding on the parties to it as soon as it is signed by their counsel regardless of whether it is signed by other counsel or so ordered by the Court.

11. The Court shall retain jurisdiction to decide any dispute arising over whether any document was appropriately marked as Confidential.

12. The Court retains discretion whether to afford confidential treatment to any information, material, or record marked Confidential that is submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court.

Dated: Albany, New York
     August 3, 2018

*[signature: Christian J. Soller]*
Christian J. Soller, Esq.
*Attorney for Plaintiff*
Hodgson Russ LLP
677 Broadway, Suite 301
Albany, NY 12205

Dated: Albany, New York
     August 3, 2018

BARBARA D. UNDERWOOD
Attorney General of the State of New York
*Attorney for Defendant James Healy*

By: *[signature]*
Ryan W. Hickey
Assistant Attorney General, of Counsel

Dated:   Albany, New York
       August 7, 2018

SO ORDERED:

*[signature: Gary L. Sharpe]*
HON. GARY L. SHARPE
UNITED STATES DISTRICT JUDGE

4