UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**HENRY BENITEZ,**

      **Plaintiff,**      9:15-cv-1179
                 (GLS/ATB)
    v.

**JAMES P. HEALY,**

      **Defendant.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Henry Benitez
Pro Se
97-A-2553
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021[1]

**FOR THE DEFENDANT:**
HON. LETITIA JAMES      RYAN W. HICKEY
New York State Attorney General  Assistant Attorney General
The Capitol

---

[1] Benitez's address appears to have changed. In his notice of appeal filing on September 26, 2018, Benitez lists an address of Clinton Correctional Facility, P.O. Box 2000, Dannemora, New York 12929. (Dkt. No. 104.) His latest motion uses the same address. (Dkt. No. 117, Attach. 3.) However, Benitez has failed to file the required notice of change of address, despite the fact that he has complied with that requirement in the past. (Dkt. No. 56); see N.D.N.Y. L.R. 10.1(c)(2). To ensure that Benitez receives this Order, the Clerk is hereby directed to serve it at both Benitez's address of record, as well as Benitez's presumed Clinton Correctional Facility address.

Albany, New York 12224

**Gary L. Sharpe**
**Senior District Judge**

## ORDER

Plaintiff Henry Benitez, a *pro se* prisoner, moves this court to certify that, pursuant to 28 U.S.C. § 753(f), his appeal is not frivolous and thus the United States is obligated to pay transcript fees. (Dkt. No. 117 at 1.) Benitez also requests that the trial transcript and certain trial exhibits "be included in the district court's record and transmitted to the Second Circuit Court of Appeals for appeal purposes[.]" (*Id.* at 2.) For the following reasons, Benitez's motion is denied.

Section 753(f) provides, in pertinent part, that "[f]ees for transcripts furnished in other proceedings[2] to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." "The standard for determining if an appeal presents a

---

[2] "[O]ther proceedings" refers to proceedings other than criminal proceedings, habeas proceedings, or proceedings commenced under 28 U.S.C. § 2255. *See* 28 U.S.C. § 753(f).

substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is reasonably debatable and (2) whether the transcript is necessary to the presentation of the appeal." *Abbas v. Senkowski*, No. 9:03–CV–476, 2008 WL 5129851, at *1 (N.D.N.Y. Dec. 5, 2008) (internal quotation marks and citation omitted).[3]

Here, even assuming that the transcript is necessary to the presentation of the appeal,[4] Benitez's appeal does not raise a question that

---

[3] Some courts in this Circuit hold that, under § 753(f), courts also take into account the cost to the court of providing the requested transcript. *See Barnes v. Alves*, 107 F. Supp. 3d 252, 256 (W.D.N.Y. 2015) (internal citation omitted). As explained below, the court holds that Benitez's appeal is frivolous because it does not raise a question that is reasonably debatable, and the issue of cost is not decisive. In any event, with the transcript costing an estimated $1,105.95, (Dkt. No. 118), the court is unsure that any cost factor would cut in favor of Benitez.

[4] As explained below, the gravamen of Benitez's appeal is that the court erred in appointing him trial counsel, and he would have done a better job at trial representing himself. (Dkt. No. 117, Attach. 1 ¶¶ 30-33.) Accordingly, his appeal seemingly centers on things that trial counsel did not do and that Benitez would have done, as opposed to what happened at trial. (*Id.* ¶¶ 25, 28 (alleging failures by trial counsel); ¶¶ 30-31 (alleging what Benitez would have done *pro se*).) Thus the court is not necessarily convinced that the transcript is necessary to the presentation of Benitez's appeal. *See Philippeaux v. N. Cent. Bronx Hosp.*, No. 94 CIV. 3409, 1996 WL 167732, at *2 (holding transcript not necessary where issue for appeal involved failure to introduce documents at trial). In any event, the court need not reach this issue because Benitez has not raised a question that is reasonably debatable. *See Abbas*, 2008 WL 5129851, at *1.

is reasonably debatable. *See id.* The issues Benitez intends to appeal are "[w]hether the district court erred in appointing trial counsel for [Benitez] sua sponte" and "[w]hether the district court's failure to allow [Benitez] to act *pro se* at trial substantially prejudiced [his] cause and deprived him of his constitutional right to a fair trial." (Dkt. No. 117, Attach. 1 ¶ 33.)

Regarding the second issue, (*id.* ¶ 33(b)), the district court did not fail to allow Benitez to act *pro se* at trial, because Benitez never requested—in any way, shape, or form—to represent himself at trial. Crucially, Benitez makes no allegation that he notified the court (or anyone else), at any point prior to the instant motion, that he wished to proceed *pro se* or even considered doing so. (*See* Dkt. No. 117.)[5] Benitez alleges that "[t]he district court did not revisit its decision to appoint trial counsel for [Benitez], nor did it inquire whether [Benitez] had been provided with the pretrial submissions of counsel." (*Id.* ¶ 20.) But Benitez makes no allegation that he ever gave the court any reason to revisit its appointment of trial counsel

---

[5] Frankly, Benitez's allegation that he wished to represent himself surprises the court, which observed firsthand the quality of representation that he received at trial.

4

or inquire about pretrial submissions.⁶  "District judges are not mind readers" and are not required "to conjure up questions never . . . presented to them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Furthermore, the appointment of counsel did not substantially prejudice Benitez's cause nor deprive him of his constitutional right to a fair trial, as he alleges.  (Dkt. No. 117, Attach. 1 ¶ 33(b).)  As a civil litigant, Benitez has no right to counsel.  *See U.S. Sec. & Exch. Comm'n v. Hansen*, 712 F. App'x 99, 100 (2d Cir. 2018) (citing *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).  Benitez's complaints about his counsel's performance, (Dkt. No. 117, Attach. 1 ¶¶ 25, 28, 30-31), amount to Monday-morning-quarterbacking that is speculative at best.  *See Galvao v. Gillette Co.*, No. 96-2062, 1997 WL 457671, at *3 (1st Cir. Aug. 12, 1997) (declining invitation by civil plaintiff to second guess counsel's strategic decisions).  In sum, Benitez's appeal is frivolous because it is

---

⁶ The court's Order Appointing Counsel, (Dkt. No. 63), stated that "[c]ounsel for the parties shall serve upon each other <u>and the plaintiff *pro se*</u>, and file with the [c]ourt the pretrial submissions."  In October 2018, well after trial was completed, Benitez motioned the court to request that he be provided with the pretrial submissions.  (Dkt. No. 113.)  This was the first time that the court was made aware of the issue and granted Benitez's motion.  (Dkt. No. 114.)

"based not on what happened at trial but what, with the benefit of hindsight, [Benitez] would have liked to do at trial." *Philippeaux v. N. Cent. Bronx Hosp.*, No. 94 Civ. 3409, 1996 WL 167732, at *3 (S.D.N.Y. Apr. 10, 1996) (refusing to certify appeal not frivolous under § 753(f)).

Regarding the first issue for appeal raised by Benitez, (Dkt. No. 117, Attach. 1 ¶ 33(a)), the court did not err in appointing him trial counsel. The Order Appointing Counsel explained that

> [t]he [c]ourt has reviewed the entire file in this matter in conjunction with the elements discussed in [N.D.N.Y. L.R.] 83.3(c) as to the factors a court should consider in determining whether to appoint counsel for a *pro se* litigant. Based upon such review, th[e] [c]ourt finds that the services that Christian J. Soller, Esq. could provide as "trial counsel" to the plaintiff herein would more likely lead to a just determination of this action.

(Dkt. No. 63 at 1 (bolded font omitted).) The court recognizes that the record does not contain any request by Benitez to appoint him counsel. However, such an appointment is well within the court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")[7]; N.D.N.Y. L.R. 83.3(b)(2) ("Failure of a party to make a written application for an appointed attorney shall not

---

[7] Benitez's motion to proceed *in forma pauperis* was granted in November 2015, (Dkt. No. 6), which is obviously well before the court's Order Appointing Counsel was issued in July 2018, (Dkt. No. 63).

preclude appointment."); *see also King v. Curtis*, 610 F. App'x 534, 539 (6th Cir. 2015) (recognizing "pro se litigants . . . are usually better off if represented by counsel"). Moreover, the Order Appointing Counsel was issued July 6, 2018, (Dkt. No. 63), and trial did not start until over a month later, (*see* Dkt. Entry dated Aug. 20, 2018). It bears repeating that Benitez had plenty of time to object to the appointment of counsel or raise any issues regarding the same, and he has proven he knows how to contest issues. (*See, e.g.*, Dkt. No. 27 (motion to compel); Dkt. No. 39 (appeal of magistrate judge decision).) Furthermore, even assuming appointing counsel *sua sponte* constitutes error, such error would be harmless, for the reasons discussed above. Benitez may be unhappy with the result of his trial but cannot blame the process.[8]

---

[8] Somewhat ironically, Benitez also complains that "[t]he district court did not afford 'trial counsel' an opportunity to conduct discovery in this action." (Dkt. No. 117, Attach. 1 ¶ 14.) It would seem that Benitez is arguing that he would have benefited from trial counsel's ability to conduct discovery, at the same time that he is arguing that he silently wished that he did not have trial counsel. In any event, the Order Appointing Counsel explains that "[b]ecause it was the plaintiff's responsibility to conduct discovery and because the discovery deadline in this matter . . . passed, absent extraordinary circumstances 'trial counsel' shall not conduct any further discovery in this action." (Dkt. No. 63 at 1.) Benitez does not allege that he or his trial counsel ever requested any additional discovery. (*See* Dkt. No. 117, Attach. 1.)

Benitez's request that "the designated trial exhibits be included in the district court's record and transmitted to the Second Circuit Court of Appeals for appeal purposes" is also denied. (Dkt. No. 117 at 1-2.) This court's Trial Order clearly stated that "[i]t is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal." (Dkt. No. 64 at 8.[9]) In a letter dated October 27, 2018, Benitez requested, of his trial counsel, "the exhibits referenced in paragraph 2 of the Joint Pre-Trial Stipulation." (Dkt. No. 115, Attach. 2.) Trial counsel sent Benitez those exhibits by letter dated November 5, 2018. (*Id.*, Attach. 3.) Those exhibits sent to Benitez include every single exhibit that he now designates. (*Compare* Dkt. No. 117, Attach. 1 ¶ 34, *with* Dkt. No. 81, *and* Dkt. No. 155, Attachs. 3-4.) Benitez offers no basis for the court to assume the responsibility that it clearly states in its Trial Order belongs to the parties.[10]

Accordingly, it is hereby

**ORDERED** that Benitez's motion (Dkt. No. 117) is **DENIED** in its

---

[9] This citation refers to the CM/ECF page number.

[10] In addition to 28 U.S.C. § 753(f), Benitez also cites 28 U.S.C. § 1915(c) and Federal Rules of Appellate Procedure 10(b) and 11(a), none of which support Benitez's request regarding exhibits. (Dkt. No. 117 at 1.)

entirety; and it is further

      **ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

January 3, 2019
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge